22-1143-cr
*United States v. Torres*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:     EUNICE C. LEE,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                                      No. 22-1143-cr

XAVIER TORRES a/k/a Pistolita,

    *Defendant-Appellant*,

CARLOS JAVIER FIGUEROA, a/k/a Javi,
a/k/a Big Bro; LEITSCHA PONCEDELEON;
ROBERTO FIGUEROA; JONATHAN
CRUZ-CARMONA, a/k/a Tapon, a/k/a Eneno;
JEAN KARLOS PIZARRO, a/k/a Yankee;
OBED TORRES GARCIA; VICTOR NUNEZ,

*Defendants.*[*]

_____

FOR DEFENDANT-APPELLANT:     MAURICE J. VERRILLO, Law Office of Maurice J.
                             Verillo, P.C., Rochester, NY.

FOR APPELLEE:                ROBERT A. MARANGOLA (Katherine A. Gregory,
                             *on the brief*), Assistant United States Attorneys,
                             *for* Trini E. Ross, United States Attorney for the
                             Western District of New York, Buffalo, NY.

Appeal from an Order of the United States District Court for the Western District
of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION,** the Judgment of the District Court entered on
May 24, 2022, is **AFFIRMED**.

Defendant-appellant Xavier Torres appeals from the judgment of the District Court
convicting him after a jury trial and sentencing him principally to a term of life
imprisonment plus twenty years. Torres was convicted on two counts arising out of his
involvement in a drug conspiracy led by his co-defendant, Carlos Javier Figueroa, who
was tried separately: (1) conspiracy to possess with intent to distribute, and to distribute,
five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21
U.S.C. §§841(a)(1), 841(b)(1)(A), 846, and 851; and (2) possession and use of a weapon
in furtherance of a drug-trafficking offense, and aiding abetting such offense, in violation
of 18 U.S.C. §§924(c)(1)(A)(iii) and 2. Torres appeals a variety of issues relating to a
motion to suppress, the jury trial, and his sentence. We assume the parties' familiarity

_____

[*] The Clerk's Office is directed to amend the caption as reflected above.

with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.     Motion to Suppress

Torres challenges the District Court's denial of his motion to suppress, and its failure to conduct an evidentiary hearing on that motion.

On February 6, 2016, Officer Luciano of the Rochester Police Department was on patrol in an area he believed to have a high level of drug crimes when he noticed a parked red Honda. According to his incident report, Luciano saw a man standing next to the red Honda quickly leave the area upon seeing his police car. Luciano then saw Torres exit the driver's side of the Honda, enter the lobby of an apartment building, and quickly shut the door behind him. Luciano followed Torres into the lobby and asked him who he was there to visit and how he had gotten there. According to Luciano's incident report, Torres told him that he was there to visit his aunt and that he had walked from his brother's house on Dewey Avenue. Torres also accused Luciano of harassment. According to Luciano's report, after observing Torres's nervous appearance, Luciano placed Torres in handcuffs for officer safety and conducted a so-called *Terry* stop[1] of Torres, during which Luciano located a car key in Torres's front pocket. Torres filed a sworn affidavit stating that the car "key was found on the ground."[2] App'x at 195. Luciano testified at trial that during their interaction, Torres "denied any possession of that vehicle." App'x at 951.

---

[1] *See Terry v. Ohio*, 392 U.S. 1 (1968).

[2] No contraband was found on Torres's person during the pat-down.

Wherever the key was located, Luciano used it to open the red Honda parked outside, in which drugs, drug paraphernalia, and a stolen item were found.

Torres filed a pre-trial motion to suppress, contending that Luciano lacked reasonable suspicion to conduct a stop of him pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). The motion did not specify exactly what evidence Torres sought to suppress, instead asserting in a sweeping fashion: "All evidence found during the February 6, 2016 stop is the fruit of poisonous tree and must be suppressed as it would be unconstitutional to use against Mr. Torres," App'x at 75, and "[a]ny and all statements prior to Mr. Torres's formal arrest on February 6, 2016, should also be suppressed as he was not properly advised of his rights under *Miranda v. Arizona*," 384 U.S. 436 (1966). App'x at 78.

"On appeal from a district court's ruling on a motion to suppress evidence, we review legal conclusions de novo and findings of fact for clear error." *United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015) (citations and quotation marks omitted). "We review a denial of an evidentiary hearing for an abuse of discretion." *United States v. Getto*, 729 F.3d 221, 226 n.6 (2d Cir. 2013). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (citations and quotation marks omitted). While we have significant concerns about whether Luciano had reasonable suspicion to justify a *Terry* stop of Torres, we nonetheless find that the

4

District Court did not err either in declining to hold a hearing or in denying Torres's motion to suppress.

### 1. Items Seized from Car

Torres contends that the District Court erred in failing (1) to conduct an evidentiary hearing and (2) to suppress the evidence seized from the red Honda. But Torres's own sworn affidavit confirmed that he had no privacy interest in the key used to open the car, and he makes no claim of a property or privacy interest in the car itself; he thus had no basis to challenge the search of the car. Luciano asserted in his report that he had found the car key in Torres's pocket, but Torres swore that the key was lying on the floor in the lobby: "A key was found on the ground and law enforcement searched that vehicle." App'x at 195. He did not claim any property or privacy interest in that key or the car it opened.

To suppress evidence obtained in a search, a court must find that the movant's "Fourth Amendment rights were infringed by the . . . search. We often refer to this principle as the requirement that a defendant have 'standing' to bring a suppression motion." *United States v. Lewis*, 62 F.4th 733, 741 (2d Cir. 2023). "As the proponent of the motion to suppress, it was [Torres's] burden to establish that the search violated his Fourth Amendment rights." *Id.* That burden required Torres "to articulate specific facts regarding" his property or privacy interest in the car. *Id.* He failed to do so, and absent any asserted property or privacy interest in the car, Torres lacked standing to challenge the search of the car – even if the search was improper. *See, e.g., United States v. Sanchez*, 419 F. App'x 27, 31 (2d Cir. 2011) (summary order) (Where defendant's "own

5

affidavit disclaimed any expectation of privacy in" or ownership of the location searched, defendant could not "challenge the search of that home.").

## 2. Cash

Torres's motion in the District Court did not mention the $515 cash that was seized from his person during the February 6, 2016, encounter. His affidavit in support of the motion to suppress stated that the police officers "acquired a sum of cash off of" him, App'x at 195, but he made no argument that the cash, specifically, should be suppressed. His main brief on appeal mentions in the factual background that the cash was seized but does not discuss the cash in the suppression argument and does not assert any harm caused by the failure to suppress that evidence. "Merely mentioning or simply stating an issue in an appellate brief is insufficient to preserve it for our review." *United States v. Willis*, 14 F.4th 170, 180 n.3 (2d Cir. 2021) (citation omitted). We therefore find that Torres has not adequately argued that the $515 in cash should have been suppressed, and any such argument is forfeited. In any event, even if the cash should have been suppressed, any error was harmless, because its evidentiary value at trial was minimal, and Torres makes no argument as to how its admission contributed to the verdict. *See United States v. Jones*, 965 F.3d 149, 162 (2d Cir. 2020) ("[E]ven a manifestly erroneous decision will be harmless, if it is not likely that the error contributed to the verdict." (citation and quotation marks omitted)).

## 3. Statements

None of Torres's written submissions before either the District Court or this Court explain what statement(s) Torres sought to suppress. That failure alone might suffice to

affirm the District Court's decision to deny the motion without a hearing, but the claim fails on its merits, as well. At oral argument before this Court, counsel indicated that Torres sought to suppress his alleged statement to Luciano "that he was walking from Dewey Avenue." Oral Argument at 01:49-01:53, *United States v. Torres*, No. 22-1143 (2d Cir. Sept. 24, 2024). Torres did not mention that statement in his affidavit to the District Court. His brief before this Court asserts that Luciano "asked where the defendant was coming from where he indicated he had walked to the area from Dewey Avenue" immediately after encountering him, and that Luciano patted him down *after* that question and answer. Appellant's Br. at 14. This is consistent with the police report, which indicates that Luciano approached Torres and immediately asked him who he had come to visit and how he had arrived at the apartment building. The challenged statement thus appears to have been made immediately upon Luciano confronting Torres. Luciano was not required to provide Torres with *Miranda* warnings[3] at that time.

"In the absence of actual arrest, an interrogation is not custodial unless the authorities affirmatively convey the message that the defendant is not free to leave, or that he is completely at the mercy of the police." *United States v. Familetti*, 878 F.3d 53, 60 (2d Cir. 2017) (citations and quotation marks omitted). Torres has made only a conclusory statement that he did not feel free to leave at that moment – when Luciano first approached him in the apartment building – without offering any supporting details. Even assuming Torres was subject to a *Terry* stop when he made the statement, an officer

---

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

is not required to provide *Miranda* warnings during a *Terry* stop. "*Miranda* is to be enforced only in those types of situations in which the concerns that powered the decision are implicated. Thus, the temporary and relatively nonthreatening detention involved in a traffic stop or *Terry* stop does not constitute *Miranda* custody." *Maryland v. Shatzer*, 559 U.S. 98, 112-13 (2010) (citations and quotation marks omitted). Accordingly, we find no error in the denial of the motion to suppress the statement.[4]

In sum, we find no error in the District Court's denial of Torres's request to conduct an evidentiary hearing, nor in the denial of the motion to suppress.

## II.    <u>**Jury Trial**</u>

Torres contends that the trial evidence was insufficient to support his convictions, and that the District Court "rendered adverse rulings on [certain] matters which were highly prejudicial to the defendant." Appellant's Br. at 74. We conduct "our own review of the trial record" in considering a challenge to the sufficiency of the evidence, and

> we view the evidence in the light most favorable to the government, crediting every inference that could have been reasonably drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence. We will uphold [a judgment] of conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. Laurent*, 33 F.4th 63, 75 (2d Cir. 2022) (citations and quotation marks omitted).

---

[4] Furthermore, Torres does not argue how admission of this statement contributed to the guilty verdict, and admission of a statement obtained in violation of *Miranda* is not error if it did not contribute to the verdict. *See United States v. Newton*, 369 F.3d 659, 679 (2d Cir. 2004).

We conclude that a rational jury could have found the essential elements of both charged crimes beyond a reasonable doubt. There was ample evidence introduced at trial to support the convictions. Torres attacks the credibility of the witnesses, particularly of the cooperating witnesses. But the jury was made aware of the involvement of certain witnesses in the charged offenses, and it was entitled to accept or reject their testimony in whole or in part. Viewing the evidence in the light most favorable to the government, as we must, we find the evidence sufficient to support the convictions.

We likewise discern no abuse of discretion in the challenged evidentiary rulings. "This Court reviews rulings on the admissibility of trial evidence for abuse of discretion," which occurs only where the trial court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016) (citations and quotation marks omitted). The District Court did not abuse its substantial discretion in admitting crime scene photos, evidence of actions taken by others in furtherance of the conspiracy, and co-conspirator testimony at trial.

Finally, Torres contends that the District Court erred in giving the jury a so-called *Pinkerton* instruction.[5] Upon *de novo* review, *see United States v. Malpeso*, 115 F.3d 155, 166 (2d Cir. 1997), we find no error. Torres does not challenge the existence of the conspiracy, and the evidence was sufficient to establish that Torres joined the conspiracy. The evidence was also sufficient to permit the jury to find that the use of a firearm –

---

[5] *See Pinkerton v. United States*, 328 U.S. 640 (1946).

including brandishing or discharging of a firearm – in furtherance of the drug conspiracy was reasonably foreseeable to Torres, and thus a *Pinkerton* instruction was appropriate. *See United States v. Gershman*, 31 F.4th 80, 100 (2d Cir. 2022).

### III.  <u>Sentencing</u>

Torres argues that (1) the District Court erred "in its assessment of the evidence presented at the sentencing hearing," in particular, in assessing the credibility of witness Victor Nunez, Appellant's Br. at 1; (2) the District Court erroneously withheld most of Nunez's mental health records from Torres, and refused to permit Torres to subpoena one of the investigators to testify at his sentencing regarding his interviews of Nunez; and (3) the sentence "was harsh and excessive under the facts and circumstances of this case," *id.* at 79, which we construe as a substantive reasonableness challenge.

"We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. This standard incorporates *de novo* review of questions of law . . . and clear error review of questions of fact." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citations omitted). "[F]ederal courts today generally exercise a wide discretion in the sources and types of evidence used to craft appropriate sentences." *Concepcion v. United States*, 597 U.S. 481, 486 (2022) (citation and quotation marks omitted). "[A] convicted defendant has no absolute right to present his own witnesses, since sentencing proceedings are not designed to be full-blown evidentiary hearings or mini-trials, because of the costly burden that would impose on the court. Sentencing hearings ultimately are conducted within the discretion of the district court." *United States v. Pugliese*, 805 F.2d 1117, 1123 (2d Cir. 1986) (citations omitted).

10

We find no abuse of discretion in either the District Court's conduct of the sentencing hearing, or in the sentence ultimately imposed. The sentence imposed is undeniably severe, but it is not "shockingly high" in light of all the circumstances "or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Torres's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the Judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
